UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Thomas Frangos

    v.                                    Civil No. 18-cv-112-JL
                                        Opinion No. 2019 DNH 010

Bank of New York Mellon f/k/a The
Bank of New York, as Trustee for the
Certificateholders of CWABS, Inc., Asset
Backed Certificates, Series 2005-AB2;
New Penn Financial, LLC d/b/a Shellpoint
Mortgage Servicing; Bank of America, N.A.

**ORDER ON APPEAL**

This appeal turns on whether the Bankruptcy Court abused its discretion by denying the appellant's motion to amend his adversary complaint before granting the appellees' motions to dismiss that complaint. Appellant Thomas Frangos brought an adversary complaint in the United States Bankruptcy Court, claiming that the mortgage that he executed in 2005 was invalid because he did not hold title to the mortgaged property at that time and, further, that this invalidity of the underlying mortgage rendered invalid his reaffirmation agreement, approved by the Bankruptcy Court during a separate Chapter 7 proceeding. In this appeal, Frangos argues that the Bankruptcy Court erred by denying his motion to amend that adversarial complaint to include the Frances Ann Frangos 2002 Revocable Trust u/t/d March

12, 2002 as a plaintiff because the Trust held title to the property at the time of the mortgage.

This court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the Bankruptcy Court under 28 U.S.C. § 158(a)(1). See also L.R. 77.4. Finding no error in the Bankruptcy Court's decision to deny Frangos leave to amend his complaint, the court affirms it.

**I.     Standard of review**

When hearing an appeal from the Bankruptcy Court, this court applies the same standards of review governing appeals of civil cases to the appellate courts. See Groman v. Watman (In re Watman), 301 F.3d 3, 7 (1st Cir. 2002). As such, this court reviews the Bankruptcy Court's "findings of fact for clear error and conclusions of law de novo." Old Republic Nat'l Title Ins. Co. v. Levasseur (In re Levasseur), 737 F.3d 814, 817 (1st Cir. 2013). It reviews a "denial of leave to amend [a complaint] for abuse of discretion," and "defer[s] to the [Bankruptcy Court's] hands-on judgment so long as the record evinces an adequate reason for the denial." Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 389 (1st Cir. 2013)

## II. Background

Plaintiff Thomas Frangos and his wife, Ann Frangos,[1] executed a mortgage on property located at 33 Gosport Road in Portsmouth, New Hampshire on April 26, 2005. The mortgage secured a note, executed by Frangos alone, promising to repay a loan for $599,000. The mortgage names "Thomas A. Frangos, a married person," as the borrower and references both Thomas and Ann Frangos as individuals.

At the time the mortgage was executed, however, title to the property was held in the name of the Trust, with Ann Frangos as trustee. The mortgage does not mention the Trust. Shortly after the Frangoses executed the mortgage, the Trust conveyed the property to Frangos, though Frangos -- who effectuated the transfer -- now contends that he lacked authority to do so.

Frangos filed a Chapter 7 bankruptcy petition on November 20, 2007, and received his discharge on January 9, 2009. During those proceedings, Frangos signed a bankruptcy reaffirmation agreement, reaffirming the mortgage in the amount of $710,499.58. Frangos once again defaulted on the loan in 2009. Appellee Bank of New York Mellon (BNYM), which held both the note and the mortgage, began foreclosure proceedings in

---

[1] When the court refers to "Frangos" alone, it refers to appellant Thomas Frangos.

3

2013.² This led to a series of lawsuits brought by the Frangoses to prevent that foreclosure.

The Frangoses first brought claims for breach of contract, breach of the covenant of good faith and fair dealing, and injunctive relief against appellees BNYM and Bank of America, the loan's former servicer. See generally Frangos v. Bank of America, N.A., 2015 WL 6829104, at *1 (D.N.H. Nov. 6, 2015) ("Frangos I") (Barbadoro, J.). The court dismissed the Frangoses' breach of the covenant claim and granted summary judgment to the defendants on their claims for breach of contract and injunctive relief. Id. Foreclosure proceedings recommenced.

Undeterred, Frangos filed a second lawsuit. This time, in addition to injunctive relief, Frangos challenged the validity of the mortgage, brought claims against BNYM and appellee New Penn Financial, LLC, doing business as Shellpoint Mortgage Servicing, for violations of state and federal laws against unfair debt collection, see 15 U.S.C. § 1692 et seq. and N.H. Rev. Stat. Ann. § 358-C, and asserted a claim against Bank of America for misrepresentation of the amount due on the Frangoses' monthly mortgage payments. See generally Frangos v.

---

² The court need not recount the travel of the note and mortgage for purposes of this appeal.

4

Bank of New York Mellon, 2017 WL 4876284, at *1 (D.N.H. Oct. 27, 2017) ("Frangos II") (McCafferty, J.).  After amending the complaint, Frangos moved to join the Trust as an indispensable party to that action.  See Fed. R. Civ. P. 19(a).  The court denied that motion, concluding, among other things, that Frangos and the Trust shared an interest in proving the mortgage's invalidity and avoiding foreclosure, and that the Trust was not a required party under Rule 19(a) because of this shared interest.  Id., 2017 WL 4876284, at *3.  The court then dismissed Frangos's misrepresentation claim as barred by the economic loss doctrine.  Id., 2017 WL 4876284, at *2.  Frangos voluntarily dismissed his remaining claims "without prejudice" during the pendency of a motion to dismiss those claims.[3]

While Frangos's action was pending before Judge McCafferty, he filed the adversary complaint in the Bankruptcy Court that give rise to this appeal.  In this complaint, Frangos alleged (1) that the mortgage was void because the Trust owned the property at the time the mortgage was executed; and (2) the reaffirmation and loan modification agreements were void because the mortgage was void.[4]  He further alleged that, under Rule 19,

---

[3] Frangos v. Bank of New York Mellon, 16-cv-436-LM, doc. no. 57.

[4] Appellant Appendix (doc. no. 10-1) at 12-14.

Ann Frangos, as trustee of the Trust, must be added to the action as a plaintiff.

The appellees moved to dismiss Frangos's adversary complaint, invoking the doctrines of res judicata and judicial estoppel. The Bankruptcy Court granted that motion. It found that res judicata barred Frangos's claims challenging the mortgage's validity in light of Frangos I and that judicial estoppel also barred them because Frangos sought approval of the reaffirmation agreement during his Chapter 7 bankruptcy proceedings.[5] Frangos does not challenge this decision on appeal.[6]

At the same time that it dismissed his complaint, the Bankruptcy Court denied Frangos leave to amend his complaint to add the Trust as a party pursuant to Rule 19(a). In doing so, it found that the Trust's only beneficiaries were Thomas and Ann Frangos, that their children were designated as successor

---

[5] Appellant Appendix (doc. no. 10-1) at 31-33.

[6] See Appellant Brief (doc. no. 10) at 5 (framing issues presented). To the extent that Frangos attempts to challenge that decision in his reply brief, see Reply (doc. no. 16) at 4-7, that issue is waived. Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 239-40 (1st Cir. 2013) ("arguments not raised in an opening brief are waived"); United States v. Torres, 162 F.3d 6, 11 (1st Cir. 1998) ("issues raised for the first time in an appellant's reply brief are generally deemed waived."). The same holds true for issues raised by appellant's counsel for the first time at oral argument. Piazza v. Aponte Roque, 909 F.2d 35, 37 (1st Cir. 1990).

6

beneficiaries, that Ann served as the trustee, and that the Trust was revocable.[7]  Because of this unity of interests, and referencing Frangos II, the Bankruptcy Court concluded that adding the Trust as a plaintiff would not "in any way change the res judicata effect of the prior litigation between Mr. Frangos and the defendant in this adversary proceeding," and would "do nothing other than delay a final disposition of the property and payments" to BNYM.[8]

**III. Analysis**

As explained supra, this court reviews a "denial of leave to amend [a complaint] for abuse of discretion," and "defer[s] to the [Bankruptcy Court's] hands-on judgment so long as the record evinces an adequate reason for the denial." Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 389 (1st Cir. 2013).  It will reverse the Bankruptcy Court's decision only if that court "makes an error of law or relies significantly on an improper factor, omits a significant factor, or makes a clear error of judgment in weighing the relevant factors." Maldonado-Vinas v. Nat'l W. Life Ins. Co., 862 F.3d 118, 121 (1st Cir. 2017) (internal quotations omitted).

---

[7] Appellant Appendix (doc. no. 10-1) at 37.

[8] Appellant Appendix (doc. no. 10-1) at 38.

Frangos argues that the Bankruptcy Court erred in denying him leave to add the Trust -- with Ann Frangos as trustee -- as a plaintiff to the adversary complaint.  This was error, Frangos contends, because the Trust is a required party under Rule 19.  The Bankruptcy Court also erred, Frangos argues, by "treating Mr. and Mrs. Frangos as one and the same with the Trust."[9]  The court finds no error on either count.

**A.   Rule 19**

Frangos first argues that the Bankruptcy Court erred by concluding that the Trust is not a required party under Federal Rule of Civil Procedure 19, which provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A)   in that person's absence, the court cannot accord complete relief among existing parties;
>
> (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>   (i)   as a practical matter impair or impede the person's ability to protect the interest; or
>
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

---

[9] Appellant Brief (doc. no. 10) at 15.

Fed. R. Civ. P. 19(a)(1). Frangos argues that the Trust is a required party because the court could not grant complete relief in its absence, id. Rule 19(a)(1)(A); its absence would impede the Trust's ability to protect its interest, id. Rule 19(a)(1)(B)(i); and its absence would leave Frangos liable under the mortgage and reaffirmation agreement after the Trust voids the mortgage, id. Rule 19(a)(1)(B)(ii). The court finds no error in the Bankruptcy Court's conclusion otherwise.

First, as Judge McCafferty observed, "if relief can be effectuated between the existing parties without the involvement of the absent party, the absent party is not required under Rule 19(a)(1)(A)."[10] Frangos II, 2017 WL 4876284, at *3 (citing Watchtower Bible & Tract Soc'y of New York, Inc. v. Municipality of San Juan, 773 F.3d 1, 13 (1st Cir. 2014)). Through his adversary complaint, Frangos sought declaratory judgment that the mortgage, reaffirmation agreement, and loan modification agreement were void.[11] He identifies nothing precluding the Bankruptcy Court from affording him that relief without the

---

[10] At oral argument, Frangos argued that Judge McCafferty's order lacks preclusive effect because he voluntarily dismissed his claims in that action before a final resolution. Even assuming it lacks such an effect, the court finds Judge McCafferty's order persuasive.

[11] Appellant Appendix (doc. no. 10-1) at 8.

9

Trust's involvement.[12] The Bankruptcy Court's decision was not, therefore, contrary to Rule 19(a)(1)(A).

Second, to the extent that the Trust has an interest in these proceedings, it is, as Judge McCafferty observed, "in proving that the mortgage is invalid and that it holds title to the property." Frangos II, 2017 WL 4876284, at *4. Frangos shares the same interest, seeking to prove that the mortgage is invalid because the Trust, not he, held title to the property at the time he executed the mortgage. Frangos has identified no other interest the Trust may hold. With respect to this analysis, "an absent party's interests cannot be harmed or impaired if they are identical to those of a present party." Bacardí Int'l Ltd. v. V. Suárez & Co., 719 F.3d 1, 11 (1st Cir. 2013). Here, where the Trust's interests are identical with Frangos's, the Bankruptcy Court's decision was not contrary to Rule 19(a)(1)(B)(i).

Finally, Frangos invokes the possibility that he may "incur[] double, multiple, or otherwise inconsistent obligations" if the Trust were not added as a plaintiff. Specifically, Frangos suggests that he would remain liable under the reaffirmation agreement even if the Trust were able to void

---

[12] See Appellant Brief (doc. no. 10) at 10-11.

10

the underlying mortgage in a separate proceeding.[13] The Bankruptcy Court correctly observed, however, that adding the Trust would not "in any way change the res judicata effect of the prior litigation." This is because "a judgment that is binding on a guardian or trustee may also bind the ward or the beneficiaries of a trust." Richards v. Jefferson Cty., 517 U.S. 793, 798 (1996). The parties do not dispute that both Thomas and Ann Frangos were party to Frangos I. Thomas and Ann Frangos are the Trust's sole beneficiaries. And, Ann Frangos serves as its trustee. Because the Trust is in privity with the Frangoses for res judicata purposes, which would preclude it from challenging the mortgage's validity in a separate action, the Bankruptcy Court's decision was not contrary to Rule 19(a)(1)(B)(ii).

B. **Conflation of Frangos and the Trust.**

Neither did the Bankruptcy Court abuse its discretion by "treating Mr. and Mrs. Frangos as one and the same with the Trust"[14] because the Bankruptcy Court did not, in fact, treat

---

[13] Appellant Brief (doc. no. 10) at 12. At oral argument, he further suggested that he may be able to discharge his obligations under the reaffirmation agreement in bankruptcy if a void mortgage rendered it an unsecured loan. Even if that argument had merit, as discussed supra, he has waived it by failing to brief it. Piazza v. Aponte Roque, 909 F.2d 35, 37 (1st Cir. 1990).

[14] Appellant Brief (doc. no. 10) at 15.

them "as one and the same with the Trust." Rather, the Bankruptcy Court recognized, as Judge McCafferty did in Frangos II, that the interests of Thomas Frangos, as an individual, and the interests of the Trust were identical with respect to the claim at issue -- the validity of the mortgage. As discussed supra, the Bankruptcy Court did not err in drawing that conclusion.

**IV. Conclusion**

For the reasons outlined herein, the Bankruptcy Court's decision to deny Frangos's motion to amend his adversary complaint is AFFIRMED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: January 15, 2019

cc: Kristina Finley, Esq.
Terrie L. Harman, Esq.
Timothy Laurent Chevalier, Esq.
Jonathan M. Flagg, Esq.
Michael P. Trainor, Esq.
John Harold McCann, Esq.
Olga L. Gordon, Esq.
Geraldine L. Koronis, Esq.